# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 CR 885 - 1 | **DATE** | 8/25/2004 |
| **CASE TITLE** | USA vs. Bryant Harris | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1)  ☐  Filed motion of [ use listing in "Motion" box above.]

(2)  ☐  Brief in support of motion due _____.

(3)  ☐  Answer brief to motion due_____. Reply to answer brief due_____.

(4)  ☐  Ruling/Hearing on _____ set for _____ at _____.

(5)  ☐  Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6)  ☐  Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7)  ☐  Trial[set for/re-set for] on _____ at _____.

(8)  ☐  [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9)  ☐  This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10)  ■  [Other docket entry]    For the reasons stated in the attached memorandum opinion and order, defendant's motions for judgment of acquittal and for a new trial are denied. Enter Memorandum Opinion and Order.

(11)  ■  [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

number of notices

**AUG 2 6 2004**

date docketed

docketing deputy initials

date mailed notice

**Document Number**

**57**

MF

courtroom deputy's initials

U.S. DISTRICT COURT
CLERK
2004 AUG 25 PM 3:01
FILED-EDF

Date/time received in central Clerk's Office

mailing deputy initials

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**

AUG 2 6 2004

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **No. 03 CR 885** |
| v. | ) | |
| | ) | **Judge John W. Darrah** |
| BRYANT HARRIS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant, Bryant Harris, was charged by a second superceding indictment with one count of unlawful possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) and one count of conspiracy to possess with intent to distribute and to distribute a controlled substance in violation of 21 U.S.C. § 846. On July 7, 2004, Defendant was convicted after a jury trial of unlawful possession of a firearm by a felon. Defendant was found not guilty of a conspiracy to possess with intent to distribute and to distribute a controlled substance. Presently before the Court are Defendant's Motions for Judgment of Acquittal and Motion for a New Trial.

Defendant moves for a judgment of acquittal, arguing that there is insufficient evidence to sustain his conviction.

A motion for judgment of acquittal should only be granted if there is insufficient evidence to sustain the conviction. *See United States v. O'Hara*, 301 F.3d 563, 569 (7th Cir. 2002) (*O'Hara*). The evidence is viewed in the light most favorable to the prosecution, and a conviction will only be overturned if the record contains no evidence on which a rational jury could have returned a guilty verdict. *See O'Hara*, 301 F.3d at 569-70.

*57*

At trial, the Government introduced evidence that on May 22, 2003, Chicago Police Officer Patrick Thelan was conducting surveillance from a vacant building of an apparent drug spot at 3810 West Ohio in Chicago, Illinois. Officer Thelan observed a man later identified as Defendant and another man participate in, what appeared to Officer Thelan to be, a narcotics transaction. The police officers then arrested Defendant and the other man, and the two individuals were read their Miranda rights.

Defendant then told Officer Thelan that he could not go back to prison and that he would get Officer Thelan a pistol if Officer Thelan would let him go. Defendant led Officer Thelan and other police officers to Defendant's residence, which he shared with his mother. The aprartment was a one-room apartment at 803 South California. Defendant told the police officers that they would find a gun inside a blue shoe in the apartment.

The police officers went to the apartment while Defendant remained with another police officer in a police vehicle. Defendant's mother signed a consent search form. In the apartment, Officer Thelan observed Police Officer Dave Rodriquez recover an unloaded .380 caliber semi-automatic pistol from a large blue shoe. The police officers also recovered evidence that Defendant lived in that apartment.

The Bureau of Alcohol, Tobacco and Firearm was contacted. ATF Special Agent Chris Labno and Officer Thelan interviewed Defendant after Defendant signed a Miranda waiver. Agent Labno wrote a statement based on the information provided by Defendant. Defendant made some corrections to the statement, initialed the corrections, and signed the statement.

In the statement, Defendant gave his address as 803 South California. Defendant stated that the police "caught me and my friend at his drug spot – where he sells drugs – at 3819 W. Ohio."

Defendant told police officers that he could get a gun if it would help him out, adding: "The police caught us at Lawrence's drug spot and because I did not want to go to the penitentiary I told Officer Thelan about a gun I had at home[.]" Defendant stated that he had the gun in a blue shoe at the place he rents with his mother at 803 South California. He bought the gun for $50 earlier on the day that he was arrested from a girl named "Poochie" and planned to use it strictly for protection.

The Government presented testimony that the firearm traveled in interstate commerce prior to May 22, 2003. Defendant stipulated that he had been convicted of a felony prior to May 22, 2003.

The elements of being a felon in possession are: (1) a previous felony conviction, (2) possession of a firearm, and (3) that the firearm traveled in interstate commerce. 18 U.S.C. § 922(g)(1); *United States v. Morris*, 349 F.3d 1009, 1013 (7th Cir. 2003). Based on the evidence at trial, a rational trier of fact could have found that Defendant was a felon in possession of a firearm. Accordingly, Defendant's Motions for Judgment of Acquittal are denied.

Defendant also moves for new trial based on twelve separate grounds: (1) the Government failed to prove Defendant's guilt beyond all reasonable doubt; (2) the verdict is against the manifest weight of the evidence; (3) Defendant was denied due process of law; (4) Defendant was denied equal protection of the law; (5) the Government failed to prove every material allegation beyond a reasonable doubt; (6) there was insufficient evidence from which the trier of fact could have found each of the essential elements of the offense beyond a reasonable doubt; (7) the district court erred in denying Defendant's motion to suppress evidence; (8) the district court erred in denying Defendant's motion to dismiss the indictment for lack of federal jurisdiction or, in the alternative, based on insufficiency of the evidence; (9) the district court erred in denying Defendant's jury instruction dealing with the issue of possession; (10) and (11) the district court erred in denying

3

Defendant's Motions for Acquittal; and (12) a new trial would be in the interest of justice.

A court may grant a motion for a new trial "if the interests of justice so require." *See* Fed. R. Crim. P. 33. The decision to grant such a motion is within the sound discretion of the trial court. *See United States v. Reed*, 875 F.2d 107, 113 (7th Cir. 1989) (*Reed*). A new trial is in the interest of justice where "the substantial rights of the defendant have been jeopardized by errors or omissions during trial." *United States v. Kuziar*, 881 F.2d 466, 470 (7th Cir. 1989). In making this analysis, the court may not re-weigh the evidence and set aside a verdict because the court feels that some other result would be more reasonable. "The evidence must preponderate heavily against a verdict, such that it would be a miscarriage of justice to let the verdict stand." Such motions are granted "sparingly and with caution, doing so only in those really 'exceptional cases.'" *Reed*, 875 F.3d at 113, quoting *United States v. Martinez*, 763 F.2d 1297, 1312-13 (11th Cir. 1985).

Defendant's first, second, fifth, sixth, tenth, and eleventh claims challenge the sufficiency of the evidence. As discussed above, based on the evidence at trial, a rational trier of fact could have found that Defendant violated 18 U.S.C. § 922(g)(1).

Defendant's third and fourth claims assert that he was denied due process and equal protection under the law. Other than the conclusory assertions, Defendant offers no argument or support for the claims. Nor were such claims raised at trial. Accordingly, theses assertions are forfeited. *See United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991); *United States v. Williams*, 877 F.2d 516, 519 (7th Cir. 1989); *Pelfresne v. Village of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1990).

In his seventh claim, Defendant asserts that the Court erred in denying his motion to suppress. Defendant's motion to suppress was denied after a full hearing on its merits; at which time, the Court was able to assess the credibility of the witnesses, including the Defendant. The Court did not err in denying the motion to suppress.

In his eighth claim, Defendant asserts that the indictment should be dismissed for lack of jurisdiction. This Court had jurisdiction over the charges against Defendant. *See United States v. Thompson*, 359 F.3d 470, 480 (7th Cir. 2004).

In his ninth claim, Defendant argues that the Court erred in giving the Government's proposed jury instruction regarding possession rather than the Defendant's proposed jury instruction. The instruction which was provided to the jury accurately stated that law and was appropriate for this case at hand, which involved Defendant's constructive, and possibly joint, possession of the firearm.

Lastly, Defendant claims that a new trial would be in the interest of justice. Defendant provides no argument or support of his claim. Based on the above, a new trial would not be in the interest of justice.

For the foregoing reasons, Defendant's Motions for Judgment of Acquittal and Motion for a New Trial are denied.

Dated: August 25, 2004

JOHN W. DARRAH
United States District Judge

5

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 03 CR 885 |
| v. | ) |
| | ) Judge John W. Darrah |
| BRYANT HARRIS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Defendant, Bryant Harris, was charged by a second superceding indictment with one count of unlawful possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) and one count of conspiracy to possess with intent to distribute and to distribute a controlled substance in violation of 21 U.S.C. § 846. On July 7, 2004, Defendant was convicted after a jury trial of unlawful possession of a firearm by a felon. Defendant was found not guilty of a conspiracy to possess with intent to distribute and to distribute a controlled substance. Presently before the Court are Defendant's Motions for Judgment of Acquittal and Motion for a New Trial.

Defendant moves for a judgment of acquittal, arguing that there is insufficient evidence to sustain his conviction.

A motion for judgment of acquittal should only be granted if there is insufficient evidence to sustain the conviction. *See United States v. O'Hara*, 301 F.3d 563, 569 (7th Cir. 2002) (*O'Hara*). The evidence is viewed in the light most favorable to the prosecution, and a conviction will only be overturned if the record contains no evidence on which a rational jury could have returned a guilty verdict. *See O'Hara*, 301 F.3d at 569-70.

At trial, the Government introduced evidence that on May 22, 2003, Chicago Police Officer Patrick Thelan was conducting surveillance from a vacant building of an apparent drug spot at 3810 West Ohio in Chicago, Illinois. Officer Thelan observed a man later identified as Defendant and another man participate in, what appeared to Officer Thelan to be, a narcotics transaction. The police officers then arrested Defendant and the other man, and the two individuals were read their Miranda rights.

Defendant then told Officer Thelan that he could not go back to prison and that he would get Officer Thelan a pistol if Officer Thelan would let him go. Defendant led Officer Thelan and other police officers to Defendant's residence, which he shared with his mother. The apartment was a one-room apartment at 803 South California. Defendant told the police officers that they would find a gun inside a blue shoe in the apartment.

The police officers went to the apartment while Defendant remained with another police officer in a police vehicle. Defendant's mother signed a consent search form. In the apartment, Officer Thelan observed Police Officer Dave Rodriquez recover an unloaded .380 caliber semi-automatic pistol from a large blue shoe. The police officers also recovered evidence that Defendant lived in that apartment.

The Bureau of Alcohol, Tobacco and Firearm was contacted. ATF Special Agent Chris Labno and Officer Thelan interviewed Defendant after Defendant signed a Miranda waiver. Agent Labno wrote a statement based on the information provided by Defendant. Defendant made some corrections to the statement, initialed the corrections, and signed the statement.

In the statement, Defendant gave his address as 803 South California. Defendant stated that the police "caught me and my friend at his drug spot – where he sells drugs – at 3819 W. Ohio."

2

Defendant told police officers that he could get a gun if it would help him out, adding: "The police caught us at Lawrence's drug spot and because I did not want to go to the penitentiary I told Officer Thelan about a gun I had at home[.]" Defendant stated that he had the gun in a blue shoe at the place he rents with his mother at 803 South California. He bought the gun for $50 earlier on the day that he was arrested from a girl named "Poochie" and planned to use it strictly for protection.

The Government presented testimony that the firearm traveled in interstate commerce prior to May 22, 2003. Defendant stipulated that he had been convicted of a felony prior to May 22, 2003.

The elements of being a felon in possession are: (1) a previous felony conviction, (2) possession of a firearm, and (3) that the firearm traveled in interstate commerce. 18 U.S.C. § 922(g)(1); *United States v. Morris*, 349 F.3d 1009, 1013 (7th Cir. 2003). Based on the evidence at trial, a rational trier of fact could have found that Defendant was a felon in possession of a firearm. Accordingly, Defendant's Motions for Judgment of Acquittal are denied.

Defendant also moves for new trial based on twelve separate grounds: (1) the Government failed to prove Defendant's guilt beyond all reasonable doubt; (2) the verdict is against the manifest weight of the evidence; (3) Defendant was denied due process of law; (4) Defendant was denied equal protection of the law; (5) the Government failed to prove every material allegation beyond a reasonable doubt; (6) there was insufficient evidence from which the trier of fact could have found each of the essential elements of the offense beyond a reasonable doubt; (7) the district court erred in denying Defendant's motion to suppress evidence; (8) the district court erred in denying Defendant's motion to dismiss the indictment for lack of federal jurisdiction or, in the alternative, based on insufficiency of the evidence; (9) the district court erred in denying Defendant's jury instruction dealing with the issue of possession; (10) and (11) the district court erred in denying

3

Defendant's Motions for Acquittal; and (12) a new trial would be in the interest of justice.

A court may grant a motion for a new trial "if the interests of justice so require." *See* Fed. R. Crim. P. 33. The decision to grant such a motion is within the sound discretion of the trial court. *See United States v. Reed*, 875 F.2d 107, 113 (7th Cir. 1989) (*Reed*). A new trial is in the interest of justice where "the substantial rights of the defendant have been jeopardized by errors or omissions during trial." *United States v. Kuziar*, 881 F.2d 466, 470 (7th Cir. 1989). In making this analysis, the court may not re-weigh the evidence and set aside a verdict because the court feels that some other result would be more reasonable. "The evidence must preponderate heavily against a verdict, such that it would be a miscarriage of justice to let the verdict stand." Such motions are granted "sparingly and with caution, doing so only in those really 'exceptional cases.'" *Reed*, 875 F.3d at 113, quoting *United States v. Martinez*, 763 F.2d 1297, 1312-13 (11th Cir. 1985).

Defendant's first, second, fifth, sixth, tenth, and eleventh claims challenge the sufficiency of the evidence. As discussed above, based on the evidence at trial, a rational trier of fact could have found that Defendant violated 18 U.S.C. § 922(g)(1).

Defendant's third and fourth claims assert that he was denied due process and equal protection under the law. Other than the conclusory assertions, Defendant offers no argument or support for the claims. Nor were such claims raised at trial. Accordingly, theses assertions are forfeited. *See United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991); *United States v. Williams*, 877 F.2d 516, 519 (7th Cir. 1989); *Pelfresne v. Village of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1990).

In his seventh claim, Defendant asserts that the Court erred in denying his motion to suppress. Defendant's motion to suppress was denied after a full hearing on its merits; at which time, the Court was able to assess the credibility of the witnesses, including the Defendant. The Court did not err in denying the motion to suppress.

In his eighth claim, Defendant asserts that the indictment should be dismissed for lack of jurisdiction. This Court had jurisdiction over the charges against Defendant. *See United States v. Thompson*, 359 F.3d 470, 480 (7th Cir. 2004).

In his ninth claim, Defendant argues that the Court erred in giving the Government's proposed jury instruction regarding possession rather than the Defendant's proposed jury instruction. The instruction which was provided to the jury accurately stated that law and was appropriate for this case at hand, which involved Defendant's constructive, and possibly joint, possession of the firearm.

Lastly, Defendant claims that a new trial would be in the interest of justice. Defendant provides no argument or support of his claim. Based on the above, a new trial would not be in the interest of justice.

For the foregoing reasons, Defendant's Motions for Judgment of Acquittal and Motion for a New Trial are denied.

Dated: August 25, 2004

JOHN W. DARRAH
United States District Judge

5

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03 CR 885 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| BRYANT HARRIS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant, Bryant Harris, was charged by a second superceding indictment with one count of unlawful possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) and one count of conspiracy to possess with intent to distribute and to distribute a controlled substance in violation of 21 U.S.C. § 846. On July 7, 2004, Defendant was convicted after a jury trial of unlawful possession of a firearm by a felon. Defendant was found not guilty of a conspiracy to possess with intent to distribute and to distribute a controlled substance. Presently before the Court are Defendant's Motions for Judgment of Acquittal and Motion for a New Trial.

Defendant moves for a judgment of acquittal, arguing that there is insufficient evidence to sustain his conviction.

A motion for judgment of acquittal should only be granted if there is insufficient evidence to sustain the conviction. *See United States v. O'Hara*, 301 F.3d 563, 569 (7th Cir. 2002) (*O'Hara*). The evidence is viewed in the light most favorable to the prosecution, and a conviction will only be overturned if the record contains no evidence on which a rational jury could have returned a guilty verdict. *See O'Hara*, 301 F.3d at 569-70.

At trial, the Government introduced evidence that on May 22, 2003, Chicago Police Officer Patrick Thelan was conducting surveillance from a vacant building of an apparent drug spot at 3810 West Ohio in Chicago, Illinois. Officer Thelan observed a man later identified as Defendant and another man participate in, what appeared to Officer Thelan to be, a narcotics transaction. The police officers then arrested Defendant and the other man, and the two individuals were read their Miranda rights.

Defendant then told Officer Thelan that he could not go back to prison and that he would get Officer Thelan a pistol if Officer Thelan would let him go. Defendant led Officer Thelan and other police officers to Defendant's residence, which he shared with his mother. The aprartment was a one-room apartment at 803 South California. Defendant told the police officers that they would find a gun inside a blue shoe in the apartment.

The police officers went to the apartment while Defendant remained with another police officer in a police vehicle. Defendant's mother signed a consent search form. In the apartment, Officer Thelan observed Police Officer Dave Rodriquez recover an unloaded .380 caliber semi-automatic pistol from a large blue shoe. The police officers also recovered evidence that Defendant lived in that apartment.

The Bureau of Alcohol, Tobacco and Firearm was contacted. ATF Special Agent Chris Labno and Officer Thelan interviewed Defendant after Defendant signed a Miranda waiver. Agent Labno wrote a statement based on the information provided by Defendant. Defendant made some corrections to the statement, initialed the corrections, and signed the statement.

In the statement, Defendant gave his address as 803 South California. Defendant stated that the police "caught me and my friend at his drug spot – where he sells drugs – at 3819 W. Ohio."

2

Defendant told police officers that he could get a gun if it would help him out, adding: "The police caught us at Lawrence's drug spot and because I did not want to go to the penitentiary I told Officer Thelan about a gun I had at home[.]" Defendant stated that he had the gun in a blue shoe at the place he rents with his mother at 803 South California. He bought the gun for $50 earlier on the day that he was arrested from a girl named "Poochie" and planned to use it strictly for protection.

The Government presented testimony that the firearm traveled in interstate commerce prior to May 22, 2003. Defendant stipulated that he had been convicted of a felony prior to May 22, 2003.

The elements of being a felon in possession are: (1) a previous felony conviction, (2) possession of a firearm, and (3) that the firearm traveled in interstate commerce. 18 U.S.C. § 922(g)(1); *United States v. Morris*, 349 F.3d 1009, 1013 (7th Cir. 2003). Based on the evidence at trial, a rational trier of fact could have found that Defendant was a felon in possession of a firearm. Accordingly, Defendant's Motions for Judgment of Acquittal are denied.

Defendant also moves for new trial based on twelve separate grounds: (1) the Government failed to prove Defendant's guilt beyond all reasonable doubt; (2) the verdict is against the manifest weight of the evidence; (3) Defendant was denied due process of law; (4) Defendant was denied equal protection of the law; (5) the Government failed to prove every material allegation beyond a reasonable doubt; (6) there was insufficient evidence from which the trier of fact could have found each of the essential elements of the offense beyond a reasonable doubt; (7) the district court erred in denying Defendant's motion to suppress evidence; (8) the district court erred in denying Defendant's motion to dismiss the indictment for lack of federal jurisdiction or, in the alternative, based on insufficiency of the evidence; (9) the district court erred in denying Defendant's jury instruction dealing with the issue of possession; (10) and (11) the district court erred in denying

3

Defendant's Motions for Acquittal; and (12) a new trial would be in the interest of justice.

A court may grant a motion for a new trial "if the interests of justice so require." *See* Fed. R. Crim. P. 33. The decision to grant such a motion is within the sound discretion of the trial court. *See United States v. Reed*, 875 F.2d 107, 113 (7th Cir. 1989) (*Reed*). A new trial is in the interest of justice where "the substantial rights of the defendant have been jeopardized by errors or omissions during trial." *United States v. Kuziar*, 881 F.2d 466, 470 (7th Cir. 1989). In making this analysis, the court may not re-weigh the evidence and set aside a verdict because the court feels that some other result would be more reasonable. "The evidence must preponderate heavily against a verdict, such that it would be a miscarriage of justice to let the verdict stand." Such motions are granted "sparingly and with caution, doing so only in those really 'exceptional cases.'" *Reed*, 875 F.3d at 113, quoting *United States v. Martinez*, 763 F.2d 1297, 1312-13 (11th Cir. 1985).

Defendant's first, second, fifth, sixth, tenth, and eleventh claims challenge the sufficiency of the evidence. As discussed above, based on the evidence at trial, a rational trier of fact could have found that Defendant violated 18 U.S.C. § 922(g)(1).

Defendant's third and fourth claims assert that he was denied due process and equal protection under the law. Other than the conclusory assertions, Defendant offers no argument or support for the claims. Nor were such claims raised at trial. Accordingly, theses assertions are forfeited. *See United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991); *United States v. Williams*, 877 F.2d 516, 519 (7th Cir. 1989); *Pelfresne v. Village of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1990).

In his seventh claim, Defendant asserts that the Court erred in denying his motion to suppress. Defendant's motion to suppress was denied after a full hearing on its merits; at which time, the Court was able to assess the credibility of the witnesses, including the Defendant. The Court did not err in denying the motion to suppress.

In his eighth claim, Defendant asserts that the indictment should be dismissed for lack of jurisdiction. This Court had jurisdiction over the charges against Defendant. *See United States v. Thompson*, 359 F.3d 470, 480 (7th Cir. 2004).

In his ninth claim, Defendant argues that the Court erred in giving the Government's proposed jury instruction regarding possession rather than the Defendant's proposed jury instruction. The instruction which was provided to the jury accurately stated that law and was appropriate for this case at hand, which involved Defendant's constructive, and possibly joint, possession of the firearm.

Lastly, Defendant claims that a new trial would be in the interest of justice. Defendant provides no argument or support of his claim. Based on the above, a new trial would not be in the interest of justice.

For the foregoing reasons, Defendant's Motions for Judgment of Acquittal and Motion for a New Trial are denied.

Dated: August 25, 2004

JOHN W. DARRAH
United States District Judge

5